IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARL C. HANDFIELD II,

    Petitioner,

v().

MARK GARMAN, et al,

    Respondents.

CIVIL ACTION
NO. 17-1634

## MEMORANDUM OPINION

**Jeffrey L. Schmehl, J. /s/ JLS**           September 30, 2019

    Handfield filed a Petition for Writ of Habeas Corpus on April 10, 2017, and on March 14, 2018, this Court entered an order approving and adopting the Report and Recommendation of the Honorable Thomas J. Rueter that denied Handfield's petition. Handfield appealed to the United States District Court for the Third Circuit, and on October 15, 2018, the Third Circuit denied Handfield's application for a certificate of appealability, stating:

> Jurists of reason could not debate the District Court's rejection of Appellant's claims concerning use immunity, *see Kastigar v. United States*, 406 U.S. 441, 460 (1972), his attorney's conflict of interest, *see Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980), a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), *see United States v. Perdomo*, 929 F.2d 967, 973 (3d Cir. 1991), ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), and violations of the Confrontation Clause, *see Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986); *Adamson v. Cathel*, 633 F.3d 248, 257-59 & n.8 (3d Cir. 2011). Appellant's remaining claims of trial counsel ineffectiveness are barred due to a procedural default, and he has not shown cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 14 (2012) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must

demonstrate that the claim has some merit."). Finally, to the extent Appellant attempted to raise a freestanding claim of actual innocence in the District Court based on an affidavit of David Johnson, jurists of reason would not debate that he did not meet the "extraordinarily high" threshold of such a potential claim. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993).

*Handfield v. Superintendent Rockview SCI, et al*, C.A. No. 18-1724 (3d Cir. Oct. 15, 2018). Handfield requested a rehearing *en banc* in front of the Third Circuit, which was denied on January 10, 2019, and on March 29, 2019, he filed a petition for writ of certiorari with the United States Supreme Court. On March 27, 2019, in a separate matter, he filed an application with the Third Circuit to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b), which was denied by the Third Circuit on April 17, 2019. *In re Earl C. Handfield*, C.A. No. 19-1657 (3d Cir. Apr. 4, 2019). On May 28, 2019, the Third Circuit denied Handfield's request for a rehearing *en banc*.

Meanwhile, on January 28, 2019, Handfield filed a Motion for Relief from Judgment Pursuant to Rule 60(b) in the instant habeas matter, arguing that his claims of ineffective assistance and actual innocence should have been addressed by this Court.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

2

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) ... permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 528–29, *citing Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988); *Klapprott v. United States*, 335 U.S. 601, 613 (1949). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991).

      A review of Handfield's motion shows that he argues no new facts or claims that were not or could not have been addressed by the Third Circuit in deciding his application for a certificate of appealability in 2018. He cites to no new caselaw in support of his arguments regarding ineffective assistance or actual innocence that did not exist when the Third Circuit denied his certificate of appealability on October 15, 2018. Further, he appears to be arguing this Court committed legal error by analyzing the facts of his case differently than the facts of another habeas matter, and by failing to assess his actual innocence claim on the merits. However, legal error does not by itself warrant the application of Rule 60(b). *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977). The correction of legal errors committed by the district courts is the

function of the Courts of Appeals. *Id.* Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6). *Id.*

In *Gonzalez*, 545 U.S. at 531-32, the Supreme Court explained that it is improper to use a motion for 60(b) relief to bring a new claim or to provide new evidence to relitigate a claim raised before. To the extent that Handfield is attempting to raise a new claim or relitigate the Court's substantive rulings on his claims, the motion must be denied without prejudice to petitioner's right to file a successive petition request in the Third Circuit. Therefore, there is no reason to disturb this Court's judgment of March 14, 2018, in which the petition for *habeas corpus* relief filed in this matter was denied and dismissed.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).