# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL C. HANDFIELD, II,<br>    Petitioner, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 17-CV-1634 |
| MARK GARMAN, *et al.,*<br>    Respondents. | :<br>:<br>: |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                         **FEBRUARY 20, 2020**

      *Pro se* Petitioner Earl C. Handfield, II, a prisoner in state custody serving a life sentence for a first-degree murder conviction in Chester County, Pennsylvania, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(d) (ECF No. 33), an Amended Motion pursuant to Rule 60(d) (ECF No. 38) and a Second Amended Rule 60(d) Motion (ECF No. 39). Handfield's filings challenge the Court's denial of his earlier Rule 60(b) Motion (*see* ECF Nos. 26, 27). The Court denied the Motion because it was a disguised second or successive Petition for Writ of Habeas Corpus. (*See* ECF Nos. 30, 31). For the following reasons, the pending Motions are also denied.

## I.     BACKGROUND

      The procedural history and factual background of Handfield's state court conviction are fully set forth in the Report and Recommendation prepared by Magistrate Judge Thomas J. Rueter. (ECF No. 14.) Accordingly, the Court outlines only the information necessary to place the instant Motions in context. Following the Court's adoption of the Report and Recommendation (*see* ECF No. 22), Handfield filed a Notice of Appeal and an application to stay proceedings. (ECF Nos. 24, 25.) Before the appeal was decided, he filed a Motion for relief

from judgement pursuant to Rule 60(b).[1] (ECF Nos. 26, 27.) After the appeal was denied, the Court entered a Memorandum and order on September 30, 2019, denying the Rule 60(b) Motion because it was, in actuality, a second or successive habeas petition. Handfield did not seek reconsideration of that decision under Rule 59, but rather filed an application for a certificate of appealability of that Order[2] (ECF No. 32), followed thereafter by the three pending Motion filed pursuant to Rule 60(d)(1). His application for a certificate was denied on February 18, 2020. *See Handfield v. Superintendent Rockview SCI*, No. 19-3537 (3d Cir. Feb. 18, 2020).

In the current Motions, which the Court will consider collectively, Handfield seeks relief pursuant to Rule 60(d). He again asserts error in the manner in which his actual innocence/*Brady* claim was assessed and argues that the Court's prior failure to address and consider the claim undermines the integrity of the denial of his Rule 60(b) Motion. (ECF No. 39 at 5-9; ECF No. 33 at 7.)[3] Specifically, he invokes Rule 60(d)(1) because, he asserts, the Court's determination that his Rule 60(b) Motion constituted a second or successive habeas petition was a procedural defect that can itself be reviewed under Rule 60(d). (ECF No. 38 at 5.)

---

[1] Handfield argued in the Motion that the Order adopting the Report and Recommendation was an erroneous application of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263 (3d Cir. 2014). (*See* ECF No. 27 at 5.)

[2] In the application, Handfield argued, *inter alia*, that he should be allowed to appeal because this Court (1) failed to assess whether his actual innocence claims were sufficiently credible to excuse any procedural default, and failed to consider actual innocence as an equitable factor to support "extraordinary circumstances under 60(b)(6)"; (2) violated his equal protection rights by denying him relief under *Martinez v. Ryan*, 566 U.S. 1 (2012) where another individual in similar circumstances was afforded relief; (3) and erred in applying *Brady* and *Dennis*. (*See Handfield v. Superintendent Rockview SCI*, No. 19-3537 (3d Cir. Doc. # 003113392989 at 2.)

[3] The Court adopts the pagination supplied by the C/ECF docketing system.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d)(1) permits the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). An independent action under Rule 60(d) "should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

When a Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a second or successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A Rule 60(d) motion is subject to the same successive petition restrictions that apply to Rule 60(b) motions. *See Sharpe v. United States*, Civ. A. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010); *United States v. Franklin*, Crim. No. 99-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008). Moreover, Rule 60 cannot be used as a substitute for an appeal. *Morris v. Horn*, 187 F.3d 333, 340-41 (3d Cir. 1999).

## III. DISCUSSION

Handfield's currently pending pleadings do not state a basis for Rule 60(d) relief; rather, the error he alleges in the Court's adjudication of his prior Rule 60(b) Motion would be grounds for an appeal.  Handfield, in fact, did apply for a certificate of appealability following the denial of the Rule 60(b) Motion and raised the same type of issues he now seeks to present under the guise of Rule 60(d).  This is not a proper use of Rule 60(d) since Handfield seeks to use it to relitigate issues he already included in his application for a certificate of appealability and that were rejected by the United States Court of Appeals for the Third Circuit.

Accordingly, the Motions will be denied and no certificate of appealability will be issued. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**