IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARL C. HANDFIELD II,

Petitioner,

v.

MARK GARMAN, et al,

Respondents.

CIVIL ACTION
NO. 17-1634

**MEMORANDUM OPINION**

**Jeffrey L. Schmehl, J. /s/ JLS** **January 25, 2024**

Handfield filed a Petition for Writ of Habeas Corpus on April 10, 2017, and on March 14, 2018, this Court entered an order approving and adopting the Report and Recommendation of the Honorable Thomas J. Rueter that denied Handfield's petition. Handfield appealed to the United States District Court for the Third Circuit, and on October 15, 2018, the Third Circuit denied Handfield's application for a certificate of appealability, stating:

> Jurists of reason could not debate the District Court's rejection of Appellant's claims concerning use immunity, *see Kastigar v. United States*, 406 U.S. 441, 460 (1972), his attorney's conflict of interest, *see Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980), a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), *see United States v. Perdomo*, 929 F.2d 967, 973 (3d Cir. 1991), ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), and violations of the Confrontation Clause, *see Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986); *Adamson v. Cathel*, 633 F.3d 248, 257-59 & n.8 (3d Cir. 2011). Appellant's remaining claims of trial counsel ineffectiveness are barred due to a procedural default, and he has not shown cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 14 (2012) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). Finally, to the extent

> Appellant attempted to raise a freestanding claim of actual innocence in the District Court based on an affidavit of David Johnson, jurists of reason would not debate that he did not meet the "extraordinarily high" threshold of such a potential claim. *See Herrera v. Collin*s, 506 U.S. 390, 417 (1993).

*Handfield v. Superintendent Rockview SCI, et al*, C.A. No. 18-1724 (3d Cir. Oct. 15, 2018). Handfield requested a rehearing *en banc* in front of the Third Circuit, which was denied on January 10, 2019, and on March 29, 2019, he filed a petition for writ of certiorari with the United States Supreme Court. On March 27, 2019, in a separate matter, he filed an application with the Third Circuit to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b), which was denied by the Third Circuit on April 17, 2019. *In re Earl C. Handfield*, C.A. No. 19-1657 (3d Cir. Apr. 4, 2019). On May 28, 2019, the Third Circuit denied Handfield's request for a rehearing *en banc*.

Meanwhile, on January 28, 2019, Handfield filed a Motion for Relief from Judgment Pursuant to Rule 60(b) in the instant habeas matter, which was denied by this Court on September 30, 2019. On October 17, 2019, Handfield filed a Notice of Appeal to the Third Circuit from this Court's September 30, 2019, order. The Third Circuit treated this appeal as a request for a certificate of appealability and denied said certificate of appealability on February 18, 2020.

On March 27, 2019, while his 60(b) motion was pending in this Court, Handfield filed an application to the Third Circuit for permission to file a successive habeas petition. This application was denied by the Third Circuit on April 17, 2019, and on May 28, 2019, Handfield's request for *en banc* rehearing was denied.

On October 30, 2019, while his October 17, 2019, Notice of Appeal from the September 30, 2019, Order denying Petitioner's First Motion for Relief pursuant to F.R.Civ.P. 60(b) was still pending before the Third Circuit, Handfield filed a second 60(b) motion. On December 12, 2019, he filed an amended FRCP 60 Motion and a second amended FRCP 60 Motion. Both these motions were denied by this Court on February 21, 2020, and no certificate of appealability issued.

On March 5, 2020, Handfield appealed this Court's February 21, 2020, order, which the Third Circuit treated as a certificate of appealabilty and granted in part on February 20, 2021. In its limited grant of appealability, the Third Circuit stated in part:

> The foregoing request for a certificate of appealability is granted as to the following issue: whether the District Court abused its discretion in denying Appellant's motion, ostensibly brought under Federal Rule of Civil Procedure 60(d)(l), which alleged that, in denying his earlier motion under Rule 60(b), the District Court failed to correct its erroneous application of a due diligence standard to his claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

*Handfield v. Superintendent Rockview SCI, et al*, 20-1542 (3d Cir. 2021). Thereafter, on December 7, 2022, the Third Circuit affirmed this Court's February 21, 2020, Order.

On December 19, 2022, Handfield filed the instant Rule 60(b) Motion for a Legal Mistake under Rule 60(b)(6) (ECF No. 53). In that Motion, he alleges that this Court's ruling that a legal error does not apply to Rule 60(b) motions is inaccurate under the recent United States Supreme Court decision *Kemp v. United States*, 142 S. Ct. 1856, 1858 (2022). On January 3, 2023, Handfield filed what he titled an Amended Rule 60(b)(1) & Motion, alleging that there is no court opinion addressing the reliability of David Johnson's initial statement made to the Coatesville Police Department. (ECF No. 54 at 3). In addition,

Handfield cites an affidavit purported to be from Mondre Boggs, which he alleges is corroborated by Adrienne Beckett's T-Mobile cellular telephone record. (*Id.*)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) ... permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 528–29, *citing Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988); *Klapprott v. United States*, 335 U.S. 601, 613 (1949). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991).

Handfield's current motions under Rule 60(b) will be decided collectively. First, he argues that pursuant to *Kemp v. United States*, our ruling that legal error is not properly addressed in a 60(b) motion is incorrect. He is correct that in *Kemp*, the Supreme Court found that legal error qualifies as a "mistake" that can be evaluated under Rule 60(b). However, the *Kemp* decision does not entitle Handfield to relief in this matter. He conveniently omits the sentence in our opinion that preceded our refusal to address alleged legal error in the context of a 60(b) motion that stated: "A review of Handfield's motion shows that he argues no new facts or claims that were not or could not have been addressed by the Third Circuit in deciding his application for a certificate of appealability in 2018. He cites to no new caselaw in support of his arguments regarding ineffective assistance or actual innocence that did not exist when the Third Circuit denied his certificate of appealability on October 15, 2018." When this Court stated in the next sentence that Handfield seemed to be further arguing that we committed legal error which could not be addressed in the 60(b) context, that was set forth in the addition to the prior portion of the substantive decision regarding Handfield's failure to present any new evidence or argument. That portion of our decision is unaffected by *Kemp*, and Handfield is not entitled to relief.

To the extent Handfield is claiming that this Court committed legal error by finding that his actual innocence and ineffective assistance claims were procedurally defaulted, that claim must also fail. As discussed above, a 60(b) motion can only be granted if a petitioner demonstrates "extraordinary circumstances." Handfield has a heavy burden to meet in demonstrating such extraordinary circumstances and has utterly failed to do so in the instant motions. His motions consist solely of boilerplate allegations of ineffective

assistance of counsel for failure to object to jury instructions, with no explanation as to how the court abused its discretion in offering said jury instructions. There is absolutely no evidence set forth in Handfield's motions that supports any legal error made by this Court.

Further, Handfield takes issue with this Court's alleged "overlooking" of "seven of the eight innocence claims." Handfield claims that the court only addressed one actual innocence claim, and it did so as follows: "To the extent that Handfield is attempting to raise a freestanding claim of actual innocence in the District Court based on an affidavit of David Johnson, jurists of reason would not debate that he did not meet the 'extraordinarily high' threshold of such a potential claim." (ECF No. 53, p. 7). However, this cite is incorrect, as it does not come from this Court's September 30, 2019, opinion; rather, this quote comes from the Third Circuit's August 2, 2018, Order on Handfield's request for a certificate of appealability. This Court did use the above quote from the Third Circuit and cite to it in this Court's September 30, 2019, opinion, but that is the extent of its usage. Thus, Handfield is attempting to use the instant Rule 60 motion to address what he alleges was a legal error committed by the Third Circuit in 2018, by having this Court address those issues using the *Kemp* case to overcome the untimeliness of said motion. That is clearly improper. This Court cannot reconsider an order that was not issued by this Court in the first instance. Further, Handfield's apparent attempt to overturn the Third Circuit's August 2, 2018, order is clearly untimely, as that order is over five years old. There is nothing to suggest that *Kemp's* holding is somehow retroactive or that it would somehow restart the clock at one year under Rule 60(b)(1) for any of Handfield's claims

As to Handfield's argument that *Kemp* taken together with equitable factors justify a grant of relief under Rule 60(b)(6), he is incorrect. For reasons set forth above, the

*Kemp* decision does not justify reopening Handfield's habeas petition, either alone or in combination with any other factors.

Lastly, Petitioner alleges seven entirely new claims that he never raised in the state court. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court; in other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. 28 U.S.C.A. § 2254(b)(1). When a claim presented to a federal habeas court is not exhausted because it has not been fairly presented to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied, but in such cases, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes cause and prejudice or a fundamental miscarriage of justice to excuse his or her default. 28 U.S.C.A. § 2254(a, b). The claims that petitioner now seeks to raise were never raised in state court although they could have and should have been raised both in his PCRA petition and on direct appeal in Pennsylvania. They were not. Thus, these claims were not exhausted, nor can Handfield show cause and prejudice or a fundamental miscarriage of justice to excuse the default. Therefore, this Court did not commit legal error by finding that these claims were procedurally defaulted. For all of the reasons set forth above, there is no reason to disturb this Court's judgment of March 14, 2018, in which the petition for *habeas corpus* relief filed in this matter was denied and dismissed.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).